**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANE KIM, | Index No. 24-CV-00732 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| BSN GROUP CORP doing business as WOLRD CLASS CLEANING and SANG K. KIM, | |
| Defendants, | |

Plaintiff, SHANE KIM, through his attorneys, for his Complaint against BSN Group Corp, dba World Class Cleaning, and Sang K. Kim (collectively "Defendants"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq. for Defendants' failure to pay overtime compensation to Plaintiff. During the course of his employment by Defendants, Plaintiff regularly worked more than eight (8) hours per day and over forty (40) hours per week. Defendants have failed to compensate Plaintiff with the overtime wage. Plaintiff further alleges that the Defendants' failure to pay overtime wages is willful and intentional. Additionally, plaintiff seeks negligence claim against the defendants for failure to protect him from work place violence and causing constructive termination, negligent hiring, supervision and retention of the violent employee.

## THE PARTIES

1

2.     Plaintiff was at all times relevant hereto an employee of Defendants.

3.     Plaintiff was at all times relevant hereto an individual employed in the State of New York by Defendants.

4.     Plaintiff at all times relevant hereto resided in the State of New York.

5.     Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

6.     Plaintiff is filing this FLSA claim as an individual action for himself.

7.     For the period commencing on or about July 9, 2018, until September 22, 2023, Plaintiff SHANE KIM regularly and customarily at the specific instructions and demand of Defendants performed work for Defendants over eight (8) hours per day and forty (40) hours per week.

8.     From July 9, 2018, until May 18, 2022, Mr. Kim started his work at 8 a.m. and ended at 5:00 p.m.

9.     From July 9, 2018, until December 31, 2021, Plaintiff worked 45 hours for 5 days per week and he was paid only 40 hours per week at $17.50 per hour.

10.    From January 1, 2022, until May 18, 2022, Plaintiff worked 45 hours per week, and he was paid 40 hours per week at $18.50 per hour.

11.    From May 18, 2022, Defendants paid Plaintiff overtime wage when he worked over 40 hours per week.

12.    During his employment, he had no break time for a meal or other breaks.

13.    Defendants operate staffing service that provides temporary, part-time time or other on-demand staffing services to businesses including to Permanent Mission of Republic of Korea to the United Nations in New York. They provide cleaning, security, and handyman services.

2

14.   Plaintiff was a handyman and his primary duties included repairing plumbing systems, fixing equipment or tools, and testing various appliances to ensure they worked properly.

## Violence Against Plaintiff by Coworker Park

15.   An incident happened on September 1, 2022, at about 7:15 a.m. On the day, Plaintiff went to work. Plaintiff is about five foot six inches tall and has slender body shape.

16.   The entrance door of the embassy is designed with two double doors, both of which can only be opened from the security room.

17.   However, on the day, the first door was not locked, so the Plaintiff entered through the first door and waited between the doors for the second door to open for a few minutes.

18.   A security guard An Joon Park, who is over six feet tall and has an imposing body figure, towered over plaintiff and opened the second door for the Plaintiff and then proceeded to swear and yell at him, questioning why he entered the second door even though Park had not opened it for him.

19.   The Plaintiff told Park, explaining that the door was not locked and asked what he was doing.

20.   In response, Park suddenly grabbed plaintiff's neck and proceeded to choke the Plaintiff, while threatening him that he would be dead if this were Korea. Park grabbed him and violently pushed him against the wall. Park threatened plaintiff that he would seriously hurt him. Park's violence toward him completely caught plaintiff off guard. Plaintiff was so shocked at Park's unprovoked violence toward him. Plaintiff ran away from Park and immediately called the president of the company, Kim, to report what happened in detail about the incident.

21.   After plaintiff reported the incident to Kim, at around 9 a.m., Park came searching for plaintiff to the Plaintiff's office in the basement, aggressively demanding a rematch. Despite the

3

Plaintiff's attempt to close the door, Park held onto it, forcing into the room and the Plaintiff had no choice but to flee the area.

22.    Later the same day, defendant Kim arrived, at around 9:30 a.m. and the Plaintiff reported the situation in detail.

23.    After hearing what happened, Defendant Kim took no action. Park was not fired, reprimanded, or disciplined in any way.

24.    A few months after the incident took place, Park was not seen for several months. Plaintiff was relieved to not face Park again at work.

25.    However, around June 2023, Park came back to work.

26.    Whenever the Plaintiff saw Park, the memory of the incident haunted them, causing intense fear and anxiety. Plaintiff asked defendant Kim that he cannot continue to work unless there are measures taken to insure safe work environment to protect him. Plaintiff pleaded to Kim that he could not work with Park. Forced to continue to work with Park, Plaintiff resigned on September 22, 2023.


27.    Plaintiff performed for Defendants the said hours' work as an expressed condition of his continued employment.

28.    Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

29.    Plaintiff was assigned to the said manual labor by Defendants.

30.    Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

31.   Plaintiff did not have to supply his own tools and equipment in connection with his work for the Defendants.

32.   Plaintiff was required to report to work for Defendants at a certain time.

33.   Plaintiff could not set his own hours of work for the Defendants.

34.   Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

35.   Plaintiff was a covered employee who engaged in commerce or the production of goods for commerce.

36.   Defendant Sang K. Kim ("KIM") is and was at all relevant times hereto engaged in the business of the restaurant.

37.   Defendant KIM is and was at all relevant times hereto engaged in interstate commerce.

38.   Defendant KIM managed, supervised, established, and administered the terms and conditions of Plaintiff's employment. Defendant KIM managed, supervised, established, and administered the terms and conditions of Plaintiff's employment.

39.   Defendant KIM participated in and approved the unlawful pay practices of the business BSN GROUP CORP.

40.   Defendant KIM was involved in assigning work to Plaintiff.

41.   Defendant KIM had the power and authority to discipline Plaintiff.

42.   Defendant KIM exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

43.   Defendant KIM hired Plaintiff.

44.   Defendant KIM was in charge of paying employees.

45.   Defendant KIM told Plaintiff where to work and when to work.

5

46.   Defendants employed Plaintiff to do work for them in the State of New York.

47.   Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

48.   Defendants provided the tools equipment and materials for Plaintiff to do his job for Defendants.

49.   Defendants held Plaintiff out as an employee.

50.   Defendants employed and paid Plaintiff as their employees.

51.   Defendants are employers within the meaning of the term as defined in the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the NYLL.

52.   Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

53.   Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

54.   No exemption from overtime applies or applied to Plaintiff when he worked more than 40 hours in a workweek for Defendants.

55.   Defendants failed to pay Plaintiff the overtime premium for all hours worked in excess of 40 hours per workweek.

56.   Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

57.    BSN GROUP CORP is a New York corporation and is an enterprise as defined in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

58.   Upon information and belief, BSN GROUP CORP has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

59.   Upon information and belief, BSN GROUP CORP, at all relevant times, was an employer as defined by FLSA and NYLL.

60.   Defendant KIM is the President of BSN Group Corp and World Class Cleaning.

## JURISDICTION AND VENUE

61.   This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C §1367.

## FIRST CLAIM
### (Fair Labor Standards Ad - Unpaid Minimum Wage)

62.   Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

63.   Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiff.

64.   Plaintiff was an employee within the meaning of 29 US.C. §§ 203(e) and 206(a).

65.   Defendants were required to pay Plaintiff the applicable federal minimum wage rate.

66.   Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because inter alia:

   a. Defendants were required to but failed to inform Plaintiff of the provisions of
      subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

   b. made unlawful deductions from the non-exempt employees' pay, in violation of the
      FLSA, 29 U.S.C. § 203(m), and supporting regulations.

67.   Defendants failed to pay Plaintiff the minimum wages to which they are entitled under the

FLSA.

68.   Defendants were aware or should have been aware that the practices described in this

Complaint were unlawful and have not made a good faith effort to comply with the FLSA with

respect to the compensation of Plaintiff.

69.   As a result of defendants' willful violations of the FLSA, Plaintiff suffered damages by

being denied minimum wages in accordance with the FLSA in amounts to be determined at

trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest,

post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §

216(b).

## SECOND CLAIM
### (New York Labor Law - Unpaid Minimum Wage)

70.   Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

71.   Defendants are employers within the meaning of the NYLL §§ 190,651(5), 652, and

supporting New York State Department of Labor Regulations, and employed Plaintiff.

72.   Defendants failed to pay Plaintiff the minimum wages to which He is entitled under the

NYLL.

73.   Defendants have willfully violated the NYLL by knowingly and intentionally failing to

pay Plaintiff minimum hourly wages.

74.   As a result of the Defendants' willful violations of the NYLL, Plaintiff is entitled to

recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated

damages, and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (Fair Labor Standards Act - Unpaid Overtime)

75.   Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

76.   Defendants are required to pay Plaintiff one and one-half (1 ½ ) times the regular rate at

which Plaintiff was employed for all hours worked in excess of forty hours in a workweek

pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

77.   Defendants have failed to pay Plaintiff the overtime wages to which He was entitled

under the FLSA.

78.   Defendants have willfully violated the FLSA by knowingly and intentionally failing to

pay Plaintiff and FLSA Collective overtime wages.

79.   Due to defendants' violations of the FLSA, Plaintiff was entitled to recover his unpaid

overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-

judgment and post-judgment interest.

### FOURTH CLAIM
### (New York Labor Law- Unpaid Overtime)

80.   Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

81.   Under the NYLL and supporting New York State Department of Labor Regulations,

defendants were required to pay Plaintiff one and one-half (l ½ ) times the regular rate of pay

for all hours He worked in excess of forty.

82.   Defendants have failed to pay Plaintiff the overtime wages to which He was entitled under the NYLL 132. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

83.   Due to the defendants' willful violations of the NYLL, Plaintiff is entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

84.   Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

85.   Defendants failed to furnish to Plaintiff at the time of hiring, whenever there was a change to an employee's rate of pay, and on or before February 1st of each year of employment through 2021, a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

86.   Defendants failed to furnish Plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours

worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

87.   Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from the defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(l-b).

88.   Due to Defendants' violation of the NYLL, § 195(3), Plaintiff is entitled to recover from defendants liquidated damages of $250.00 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## SIXTH CLAIM
### Negligence -NY state law

89.   Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

90.   Defendants are employers within the meaning of the term as defined in the New York state law.

91.   Defendants as employers of plaintiff owed duty to plaintiff to keep the work place safe, free from harassment.

92.   During the incident, Plaintiff called Defendant Kim, making him aware that the guard Park was violent toward Plaintiff and asked to be protected from Park's violence toward him.

93.   Defendant disregarded plaintiff urgent plea to protect him from his co-worker Park and defendant failed to take any action to prevent such continued violence.

94.   Defendants' negligence in supervising, retaining, and hiring the offending employee Park caused Plaintiff's constructive discharge because whenever Plaintiff saw Park, the memory of

11

the incident haunted them, causing intense fear and anxiety. Unable to continue working under such conditions, the Plaintiff resigned on September 22, 2023.

95.    Defendants never took any action against Park after the incident.

96.    The negligence of Defendants is based on their decision to place Plaintiff in a position to cause foreseeable harm, which could have been prevented through reasonable care in the hiring and retention process.

97.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered and continues to suffer, loss of past and future wages and benefits severe emotional distress, anxiety, loss of enjoyment of life, fear, and other monetary damages connected with Defendants' actions and inactions.

98.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

99.    As a result of Defendants' aforementioned conduct, which has been and continues to be extreme and outrageous, Plaintiff is entitled to punitive damages.

100.  Due to defendants' violations of the NY state law, Plaintiff was entitled to recover his Compensatory damages, medical expenses, lost wages, pain and suffering, punitive damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a)  declaring that defendants have violated the minimum wage provisions of the FLSA and the NYLL;

b)  declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

c)  declaring that defendants have violated the spread-of-hours provisions of the NYLL;

d) declaring that defendants' violations of the FLSA and NYLL were willful;

e) awarding Plaintiff damages for unpaid minimum wages;

f) awarding Plaintiff damages for unpaid overtime wages;

g) awarding Plaintiff, liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

h) awarding Plaintiff, liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

i) awarding Plaintiff, the liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

j) awarding Plaintiff, pre-judgment and post-judgment interest under the FLSA and the NYLL;

k) awarding Plaintiff, the reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l) awarding Plaintiff, the compensatory damages, medical expenses, lost wages, pain and suffering, punitive damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest Due to defendants' violations of the NY state law,

m) awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.


Respectfully submitted,


   /s/ Ryan Kim
Ryan J. Kim

13

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd
Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com